IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-02514-EWN-BNB

KERRY L. COURNOYER,

Plaintiff,

v.

LARRY E. REID,
DAVID D. HOLT, and
DR. WERMERS,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion Seeking Leave of Court to Amend Plaintiffs** [sic] **Amended Complaint Pursuant to Fed.R.Civ.P. rule 15(A)** (the "Motion"), filed July 15, 2005.[1] The plaintiff seeks leave of Court to file a second amended complaint. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

### I. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections at the Colorado State Penitentiary. He filed his initial Complaint on December 10, 2003. The Complaint asserted claims for constitutional violations pursuant to 42 U.S.C. § 1983.

On May 14, 2004, defendants Reid and Holt filed an answer to the Complaint. The remaining two defendants, Wermers and Patterson, filed a motion to dismiss the Complaint. In an

---

[1] The Motion was referred to me on September 28, 2005.

apparent attempt to address the issues raised in the motion to dismiss, the plaintiff sought leave to amend his Complaint on May 20, 2004. The plaintiff was permitted to amend his Complaint on January 7, 2005, *Order dated January 7, 2005*, and the motion to dismiss was denied as moot. *Order dated February 9, 2005*.

On January 27, 2005, defendants Reid and Holt filed an answer to the Amended Complaint. The remaining defendant, Dr. Wermers, filed a motion to dismiss the Amended Complaint.[2] On June 3, 2005, I recommended that Dr. Wermers' motion to dismiss be granted. On July 15, 2005, the plaintiff sought leave to amend his Amended Complaint. On September 28, 2005, the district judge adopted my recommendation and granted Dr. Wermers' motion to dismiss.

## II.  THE LAW

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed.R.Civ.P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[2]The plaintiff did not name Patterson as a defendant in his Amended Complaint.

## III.  ANALYSIS

The claims proposed by the plaintiff are largely futile.  For example, the plaintiff's proposed second amended complaint asserts claims against the defendants in their official capacities.  The Eleventh Amendment bars federal courts from hearing suits against a non-consenting state when brought by the state's own citizens as well as citizens of another state.  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).  Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).

Eleventh Amendment immunity was not abrogated by Congress' enactment of 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 345 (1979).  Accordingly, neither states nor officials acting in their official capacities are "persons" within the meaning of section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars the Court from hearing the plaintiff's section 1983 claims for money damages against the defendants in their official capacities.

In addition, the plaintiff seeks to add claims against Lynn Erickson, the CSP Clinical Administrator, on the basis that she is Dr. Wermer's supervisor and is responsible for his conduct.  An individual cannot be held liable in a section 1983 action unless she caused or participated in an alleged constitutional violation.  McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  Consequently, respondeat superior is not within the purview of section 1983 liability.  Id.  In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  Butler v. City of

Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).  See also Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Without a showing of direct responsibility for the alleged violation, liability will not be imposed on a supervisory official.  Id.  The proposed second amended complaint does not allege that Ms. Erickson in any way caused or participated in the alleged constitutional violations.

The proposed second amended complaint also seeks to assert a claim for violation of the plaintiff's equal protection rights.  The plaintiff's equal protection claim was previously dismissed for failure to state a claim.  *Order dated September 28, 2005*.  The proposed claim, like the previous claim, does not allege any facts that would invoke the equal protection clause.

Finally, the plaintiff's proposed amendments come too late.  The plaintiff filed his initial complaint on December 10, 2003.  The case is almost two years old.  Because of the plaintiff's repeated attempts to amend his complaint, the case has been unable to proceed to a Scheduling Conference.  A motion to dismiss the Amended Complaint has been decided.  Allowing the plaintiff to amend his complaint again would be the equivalent of starting over.

## IV.  CONCLUSION

I respectfully RECOMMEND that the plaintiff's Motion Seeking Leave of Court to Amend Plaintiffs [sic] Amended Complaint Pursuant to Fed.R.Civ.P. rule 15(A) be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 3, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge