IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-02514-EWN-BNB

KERRY L. COURNOYER,

Plaintiff,

v.

LARRY E. REID,
DAVID D. HOLT,
DR. WERMERS, and
DR. PATTERSON,

Defendants.

_____

**ORDER**
_____

This matter is before me on two motions filed by the plaintiff:

(1) **Motion for Extention** [sic] **of Time to Designate a Private Orthopedic Specialist for the Record, and Request for the Court to Order Defendants to Transport Plaintiff to a Private Orthopedic Specialist of his Choice for Evaluation of his Injuries, and Treatment Recommendations** [Doc. # 57, filed 1/23/06]; and

(2) **Motion for Transportation to Dr. Weinerman** [Doc. # 60, filed 2/3/06].

The plaintiff is incarcerated by the Colorado Department of Corrections. He seeks to modify the Scheduling Order to extend his expert witness disclosure deadline. He also seeks an order directing that the defendants be required to provide and pay for transportation for the plaintiff to visit a potential expert witness.

Pursuant to Fed.R.Civ.P. 16(b), a scheduling order may be modified upon a showing of good cause. The Advisory Committee Notes to Rule 16 provide the following guidance about the meaning of good cause as used in Rule 16:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. The good cause standard has been further defined in Dilmar Oil Co. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

Here, plaintiff states that he needs an extension of time to designate expert witnesses because the correctional facility has been on lockdown for the past six weeks, and he does not have access to his legal documents or the law library. The deadline for designating experts was January 16, 2006. This deadline was set November 22, 2005. The plaintiff does not establish that he has exercised reasonable diligence in an effort to obtain his expert witnesses from November 22, 2005, until the facility was placed on lockdown. Accordingly,

IT IS ORDERED that, to the extent the plaintiff seeks to modify the Scheduling Order to extend his expert witness disclosure deadline, the Motions are DENIED.

IT IS FURTHER ORDERED that, to the extent the plaintiff seeks an order directing the defendants to transport him to see a potential expert witness, the Motions are DENIED AS MOOT.

Dated May 1, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge