IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-02514-EWN-BNB

KERRY L. COURNOYER,

Plaintiff,

v.

LARRY E. REID,
DAVID D. HOLT,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter is before me on the **Defendants' Motion for Summary Judgment** [Doc.

#82, filed 5/26/06] (the "Motion").  For the following reasons, I respectfully RECOMMEND that

the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se*

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate

for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of

Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most

favorable to the party opposing the motion and that party must be afforded the benefit of all

reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S.

144, 157 (1970).  Rule 56(c), Fed. R. Civ. P., provides that summary judgment may be rendered

if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324.

Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint (the "Amended Complaint") on January 7, 2005. At all times pertinent to the allegations of the Amended Complaint, the plaintiff was incarcerated by the Department of Corrections ("DOC") at the Colorado State Penitentiary ("CSP").

The only claim remaining in this case is Claim One as against defendants Reid and Holt. At the time of the Amended Complaint's allegations, Reid was the Warden of CSP and Holt was the Clinical Administrator for the DOC. *Amended Complaint*, second consecutive page. Claim One

alleges that Reid and Holt were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment. Claim One contains the following factual allegations:

1.   On August 4, 2003, the plaintiff notified the defendants in writing that his left ankle was causing him chronic and substantial pain. *Amended Complaint*, fourth consecutive page.

2.   The defendants did not respond to the plaintiff's notification. Id.

3.   On September 19, 2003, defendant Holt responded to the plaintiff's Step II grievance. He advised the plaintiff that "before a decision is made about proper footwear for your left ankle, our providers need to see the specialist [sic] recommendations." Id.

4.   On September 25, 2003, an orthopedic specialist, Dr. Patterson, "ordered and recommended" that the plaintiff be provided with soft soled arch supports and/or tennis shoes.

5.   The defendants did not comply with Dr. Patterson's order. Id.

Id. at fourth and fifth consecutive pages.

The plaintiff is suing Reid and Holt in their official and individual capacities. *Amended Complaint*, first consecutive page. He seeks compensatory damages and prospective injunctive relief. Id. at tenth consecutive page.

### III.   ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

## A.  Qualified Immunity

The defendants assert that they are entitled to qualified immunity.  *Motion*, p. 2.  Qualified

immunity protects government officials sued in their individual capacities.  Buchwald v. University

of New Mexico School of Medicine, 159 F.3d 487, 492 (10th Cir. 1998).

> Qualified immunity protects from litigation a public official whose
> possible violation of a plaintiff's civil rights was not clearly a
> violation at the time of the official's actions.  It is an entitlement not
> to stand trial or face the other burdens of litigation.  The privilege is
> an immunity from suit rather than a mere defense to liability.  When
> a defendant asserts the defense of qualified immunity, the burden
> shifts to the plaintiff to overcome the asserted immunity.  The
> plaintiff must first establish that the defendant's actions violated a
> constitutional or statutory right.  If the plaintiff establishes a
> violation of a constitutional or statutory right, he must then
> demonstrate that the right at issue was clearly established at the
> time of the defendant's unlawful conduct.

Ahmad v. Furlong, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations

omitted).

The plaintiff bears a heavy two-part burden in establishing that the defendants violated

clearly established law.  Teague v. Overton, 15 Fed.Appx. 597, 600 (10th Cir. 2001).  This burden

must be met before the defendants bear their initial burden on summary judgment:

> A summary judgment decision involving the defense of qualified
> immunity is reviewed "somewhat differently" from other summary
> judgment rulings.  When a defendant raises the issue of qualified
> immunity, the plaintiff must satisfy a two-part test.  First, the
> plaintiff must demonstrate that the defendant's actions violated a
> constitutional or statutory right.  Second, the plaintiff must show
> that the constitutional or statutory right the defendant allegedly
> violated was clearly established at the time of the conduct at issue.
> A right is clearly established only if there is a Supreme Court or
> Tenth Circuit decision on point, or the clearly established weight of
> authority from other courts has found the law to be as the plaintiff
> maintains.  Only if the plaintiff establishes both elements of the test

4

> does the defendant bear the traditional burden of showing that there
> are no genuine issues of material fact and that he or she is entitled
> to judgment as a matter of law.

Scull v. New Mexico, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotations and citations

omitted).  "[Q]ualified immunity is a question of law to be resolved at the earliest possible stage

of litigation."  Medina v. Cram, 252 F.3d 1124, 1129 (10th Cir. 2001).

To establish that the defendants violated a clearly established constitutional right, the

plaintiff cites Estelle v. Gamble, 429 U.S. 97 (1976).  *Response*, p. 5.  In Estelle, the Supreme

Court concluded:

> [D]eliberate indifference to serious medical needs of prisoners constitutes
> the unnecessary and wanton infliction of pain . . . proscribed by the Eighth
> Amendment.  This is true whether the indifference is manifested by prison
> doctors in their response to the prisoner's needs or by prison guards in
> intentionally denying or delaying access to medical care or intentionally
> interfering with the treatment once prescribed.

429 U.S. at 104-05.

To establish a claim for deliberate indifference, a plaintiff must prove both an objective

component and a subjective component.  The objective component is met if the inmate's medical

need is sufficiently serious.  Id. at 834.  A medical need is sufficiently serious "if it is one that has

been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention."  Hunt v. Uphoff, 199 F.3d

1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective component to a deliberate indifference claim is met if a prison official

"knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511

U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

The Amended Complaint alleges that the defendants were deliberately indifferent because "despite plaintiff's memorandum directly to Reid and Holt, and despite plaintiff's medical grievance complaints, and despite Dr. Patterson's 2003 tennis shoe order, defendants [Reid and Holt] intentionally continued to subject me to unnecessary wanton infliction of pain and further damage to my left ankle by failing to provide me with proper footwear to stabilize my ankle, arch and foot to prevent pain and/or further impairment."  *Amended Complaint*, fifth consecutive page.

To establish a sufficiently serious medical need, the plaintiff must provide evidence that his ankle condition had "been diagnosed by a physician as mandating treatment" or was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hunt, 199 F.3d at 1224.  The plaintiff does not provide any evidence that his need for corrective footwear was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  He provides evidence that he was seen by Dr. Patterson on September 27, 2003, and that Dr. Patterson recommended "[a]ccommodative shoe wear, arch supports, and tennis shoes to provide relief with weight-bearing."  *Response*, Exhibit 1, p. 7, ¶ 5; Exhibit 13.  However, this evidence does not establish that the accommodative shoe wear was *mandated* by Dr. Patterson; it establishes only that Dr. Patterson *recommended* the accommodative footwear.

To establish deliberate indifference, the plaintiff must provide evidence that Reid and Holt knew of and disregarded an excessive risk to the plaintiff's health--that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and

that they also drew the inference.  The plaintiff does not provide any evidence that the defendants

knew of and disregarded an excessive risk to the plaintiff's health.  To the extent he relies on the

defendants' knowledge of Dr. Patterson's recommendation for accommodative footwear, the

recommendation does not establish the existence of a sufficiently serious medical need.

Moreover, the plaintiff has not provided any evidence that Reid and Holt knew of Dr. Patterson's

recommendation for accommodative footwear.

      The plaintiff has failed to present evidence to establish that his need for accommodative

footwear was a sufficiently serious condition and that the defendants knew of and disregarded an

excessive risk to his health.  Therefore, he has failed to meet his burden to show that the

defendants violated a constitutional right.  The defendants are entitled to qualified immunity on

the plaintiff's claim against them in their individual capacities.  I respectfully RECOMMEND that

the Motion be GRANTED insofar as it seeks dismissal of the plaintiff's claim against the

defendants in their individual capacities based on qualified immunity.

## B.  Eleventh Amendment Immunity

      Although the defendants assert a defense of Eleventh Amendment immunity in their

Answer [Doc. #26, filed 1/27/05, p. 6, ¶14], they do not address Eleventh Amendment immunity

in their summary judgment briefs.  I must address Eleventh Amendment immunity, however,

because it is implicated with respect to the subject matter jurisdiction of this court to determine

the plaintiff's claims.  Koerpel v. Heckler, 797 F.2d 858, 861 (10th Cir. 1986) (stating that

"[i]nasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an

obligation to inquire into its jurisdiction sua sponte").

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).  Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).  Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06.  The defendants are employed by the Colorado Department of Corrections (the "DOC").  *Complaint*, second consecutive page.  The DOC is an agency or subdivision of the State of Colorado.  Consequently, the Eleventh Amendment bars suit against the defendants in their official capacities for retroactive monetary relief.  I respectfully RECOMMEND that the plaintiff's claim against the defendants in their official capacities for retroactive monetary relief be DISMISSED based on Eleventh Amendment immunity.

### C.   Claim for Prospective Injunctive Relief Against the Defendants in Their Official Capacities

The defendants assert that the plaintiff cannot prove his claim.  *Motion*, pp. 14-21.  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).  As noted above, the plaintiff does not provide sufficient evidence to establish that the defendants were deliberately indifferent to his

serious medical needs in violation of the Eighth Amendment.  I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks summary judgment on the plaintiff's claim against the defendants in their official capacities for prospective injunctive relief.

## IV.  CONCLUSION

I respectfully RECOMMEND that the plaintiff's claim for retroactive monetary relief against the defendants in their official capacities be DISMISSED based on Eleventh Amendment immunity.

I further RECOMMEND that the Motion be GRANTED and that summary judgment be entered in favor of the defendants and against the plaintiff.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 28, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge